UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 3:18-cr-**35**-RLY-MPB-01 ) |
| ORLANDO LOPEZ WEBBER, AKA "LANDO" | ) ) ) |
| Defendant. | ) ) |

FILED
JUN 27 2018
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

# INDICTMENT

### Count 1

[Title 18, United States Code, Sections 2261A(2) and 2261(b) - Interstate Stalking]

The Grand Jury charges that:

Beginning on a date unknown to the Grand Jury, but at least as early as April of 2016, and continuing up to May 30, 2018, in the Southern District of Indiana, and elsewhere,

**ORLANDO LOPEZ WEBBER**,

the defendant herein, with the intent to injure, harass, and intimidate VICTIM 1, a person in the Southern District of Indiana, did knowingly use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to VICTIM 1, to wit: from the State of Mississippi, WEBBER sent a series of electronic messages transmitted through the internet containing sexually explicit images and

[1]

statements to VICTIM 1 using social media applications including Twitter, Facebook, and Instagram.

All of which is in violation of Title 18, United States Code, Sections 2261A(2) and 2261(b).

**Count 2**

[Title 18, United States Code, Sections 2261A(2) and 2261(b) - Interstate Stalking]

The Grand Jury further charges that:

Beginning on a date unknown to the Grand Jury, but at least as early as May 30, 2014, and continuing up to May 30, 2018, in the Southern District of Indiana, and elsewhere,

**ORLANDO LOPEZ WEBBER,**

the defendant herein, with the intent to injure, harass, and intimidate VICTIM 2, a person in the Southern District of Indiana, did knowingly use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to VICTIM 2, to wit: from the State of Mississippi, WEBBER sent a series of electronic messages transmitted through the internet containing sexually explicit images and statements to VICTIM 2 using social media applications including Twitter, Facebook, and Instagram.

All of which is in violation of Title 18, United States Code, Sections 2261A(2) and 2261(b).

### Count 3

[Title 18, United States Code, Sections 2261A(2) and 2261(b) - Interstate Stalking]

The Grand Jury further charges that:

Beginning on a date unknown to the Grand Jury, but at least as early as May 30, 2014, and continuing up to May 30, 2018, in the Southern District of Indiana, and elsewhere,

**ORLANDO LOPEZ WEBBER**,

the defendant herein, with the intent to injure, harass, and intimidate VICTIM 3, a person in the Southern District of Indiana, did knowingly use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to VICTIM 3, to wit: from the State of Mississippi, WEBBER sent a series of electronic messages transmitted through the internet containing sexually explicit images and statements to VICTIM 3 using social media applications including Twitter, Facebook, and Instagram.

All of which is in violation of Title 18, United States Code, Sections 2261A(2) and 2261(b).

### Count 4

[Title 18, United States Code, Sections 2261A(2) and 2261(b) - Interstate Stalking]

The Grand Jury further charges that:

Beginning on a date unknown to the Grand Jury, but at least as early as May 30, 2014, and continuing up to May 30, 2018, in the Southern District of Indiana, and elsewhere,

**ORLANDO LOPEZ WEBBER**,

the defendant herein, with the intent to injure, harass, and intimidate VICTIM 4, a person in the Southern District of Indiana, did knowingly use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to VICTIM 4, to wit: from the State of Mississippi, WEBBER sent a series of electronic messages transmitted through the internet containing sexually explicit images and statements to VICTIM 4 using social media applications including Twitter, Facebook, and Instagram.

All of which is in violation of Title 18, United States Code, Sections 2261A(2) and 2261(b).

### Count 5

[Title 18, United States Code, Sections 2261A(2) and 2261(b) - Interstate Stalking]

The Grand Jury further charges that:

Beginning on a date unknown to the Grand Jury, but at least as early as April of 2016, and continuing up to May 30, 2018, in the Southern District of Indiana, and elsewhere,

**ORLANDO LOPEZ WEBBER**,

the defendant herein, with the intent to injure, harass, and intimidate VICTIM 5, a person in the Southern District of Indiana, did knowingly use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce, to engage in a course of conduct that

[4]

caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to VICTIM 5, to wit: from the State of Mississippi, WEBBER sent a series of electronic messages transmitted through the internet containing sexually explicit images and statements to VICTIM 5 using social media applications including Twitter, Facebook, and Instagram.

All of which is in violation of Title 18, United States Code, Sections 2261A(2) and 2261(b)

## FORFEITURE ALLEGATION

1. Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies the defendant that it will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Section 2261A as part of any sentence imposed.

2. Pursuant to Title 18, United States Code, Section 2261A, if convicted of an offense set forth in Counts 1-5 of this Indictment, the defendant shall forfeit to the United States: any property, real or personal, used or intended to be used to commit or to promote the commission of such offense of which the defendant is convicted, or any property traceable to such property, such as all computers, cellular phones, storage media, cameras and electronic equipment taken from his person or residence by law enforcement officers during the investigation of these offenses on May 30, 2018. It also includes any property, real or personal, constituting or traceable to gross profits or other proceeds derived from said offenses.

3. The property subject to forfeiture includes, but is not necessarily limited to:

    a. one gray and silver Samsung Galaxy J3 SM-J327P Android cellular telephone,

    b. one black Alcatel Raven A574BL Android cellular telephone, and

    c. all component parts of the above described devices.

4. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 18, United States Code, Section 2261A, if any of the property described above in paragraph 3, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty.

5. In addition, the United States may seek civil forfeiture of the property described above in paragraph 3.

A TRUE BILL:

_____
FOREPERSON

JOSH J. MINKLER
United States Attorney

by: _____
Todd S. Shellenbarger
Assistant United States Attorney

[6]